IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRANDON KYLE WEAVER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. CIV–22–84–JAR |
| ) | |
| **KILO KIJAKAZI,** ) | |
| **Acting Commissioner of the** ) | |
| **Social Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Plaintiff Brandon Kyle Weaver (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC.  Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was thirty-four years old at the time of the administrative hearing. (Tr. 15, 27). He possesses at least a high school education. (Tr. 27). He has no past relevant work. (Tr. 27). Claimant alleges that he has been unable to work since December 25, 2018, due to limitations resulting from chronic gout, neuropathy in both legs, and tick fever. (Tr. 60).

## Procedural History

On November 20, 2019, Claimant protectively filed for disability insurance benefits pursuant to Title II (42 U.S.C. § 401, et seq.) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. After an administrative hearing, Administrative Law Judge Edward M. Starr ("ALJ") issued an unfavorable decision on April 7, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to the properly determine Claimant's RFC; (2) failing to properly evaluate the consistency of Claimant's complaints; (3) improperly evaluating the medical opinion of treating physician, Dr. Willis; and (4) failing to include all of Claimant's limitations in the RFC and the hypothetical questioning of the vocational expert at step-five.

**Step-Four Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of gout, obesity, neuropathy, and degenerative disc disease. (Tr. 18). The ALJ concluded that Claimant retained the RFC to perform light work. However, Claimant is only occasionally able to engage in climbing, balancing, crawling, kneeling, stooping, and crouching. Additionally, Claimant can frequently finger, handle, and reach overhead bilaterally. (Tr. 20).

After consultation with a vocational expert, the ALJ found that Claimant could perform the representative jobs of housekeeping cleaner, patch worker, and public area attendant. (Tr. 28). As a result, the ALJ found Claimant was not under a disability from December 25, 2018, through the date of the decision, April 7, 2021. (Tr. 28).

Claimant contends that the ALJ arrived at an RFC above Claimant's abilities because he did not consider all of the medical records pertaining to Claimant's medically determinable impairments. Further, Claimant argues that

the ALJ improperly considered the medical opinion evidence of Claimant's treating physician Dr. Willis.

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." *White v. Barnhart*, 287 F.3d 903, 906 n.2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Soc. Sec. Rul. 96-8p, 1996 WL 374184, *7 (July 2, 1996). The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work-related activity the individual can perform based on evidence contained in the case record. *Id*. He must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id*. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

The ALJ limited Claimant to a light RFC but did not include multiple limitations recommend in Dr. Willis' functional report. Claimant contends that the exclusion of Dr. Willis' limitations occurred due to the ALJ's faulty consideration of Dr. Willis' medical opinion evidence. For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under these rules, the ALJ does not "defer or give any

specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors are: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."  20 C.F.R. §§ 404.1520c(c), 416.920c(c).  Generally, the ALJ is not required to explain how the other factors were considered.  *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  However, when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Supportability and consistency are the most important factors in evaluating the persuasiveness of a medical opinion and the ALJ must explain how both factors were considered.  *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The supportability factor examines how well a medical source

6

supported their own opinion with "objective medical evidence" and "supporting explanations." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor calls for a comparison between the medical opinion and "the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

Here, the ALJ found the medical opinion evidence of Claimant's treating physician Dr. William Willis to be "wholly unpersuasive." (Tr. 25). Specifically, the ALJ opined that Dr. Willis' treatment notes did not support the limitations he assigned in the functional report. The ALJ reasoned that overall Dr. Willis' treatment notes were "routinely benign," and that Dr. Willis only ever used conservative treatment with Claimant. (Tr. 25). However, in contrast to the ALJ's assertions, there is evidence in the medical record that is not "benign" and that the ALJ failed to address in his supportability assessment of Dr. Willis' opinion. Namely, diagnosed pain in Claimant's extremities due to gout, back pain, and arthralgia, all of which affected Claimant's range of motion; diagnosed tachycardia, anxiety, and obesity; and observations of an unsteady gait due to a leg limp. (Tr. 543–545, 555–557, 559–561). The ALJ's assertion that Dr. Willi's treatment notes were "routinely benign" is undoubtedly a mischaracterization of the evidence of record.

This Court finds the ALJ erred in his supportability analysis of Dr. Willis' medical opinion evidence. On remand, the ALJ shall reconsider his analysis of Dr. Willis's medical opinion evidence in accordance with the appropriate standards and medical evidence of record. Given that this Court is reversing on

the ALJ's improper consideration of medical opinion evidence, it need not address the additional arguments at this time. However, on remand the ALJ shall likewise conform his RFC determination and consistency analysis to applicable standards; after which, the ALJ shall re-evaluate the hypothetical posed to the VE.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case be **REMANDED** for further proceedings.

**DATED** this 26th day of September, 2023.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**